**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TA OPERATING LLC, | ) | CASE NO: 5:24-cv-01783 |
| | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| CARL BOJA, | ) | |
| | ) | (Resolves Docs. 11, 15, 23) |
| Defendant. | ) | |
| | ) | |

The matters before the Court are the *Amended Motion for Expedited Discovery* (Doc. 11) and the *Motion for Preliminary Injunction* (Doc. 23) filed by Plaintiff TA Operating LLC ("TA"), and the *Motion to Dismiss the Action and Compel Arbitration* (Doc. 15) filed by Defendant Carl Boja ("Boja"). The motions are now fully briefed and ready for disposition.

For the reasons stated below, the *Motion to Dismiss the Action and Compel Arbitration* (Doc. 15) is GRANTED IN PART, and the *Amended Motion for Expedited Discovery* (Doc. 11) and the *Motion for Preliminary Injunction* (Doc. 23) are DENIED.

**I.      FACTUAL BACKGROUND**

TA employed Boja from 2011 until it terminated his role as vice president of fleet sales in March 2024. First Am. Compl. ¶¶ 12–43. Prior to beginning his first position with TA, Boja signed a confidentiality agreement in late 2010 (First Am. Compl., Ex. A), and the parties later executed an arbitration agreement in 2012. Doc. 22 at p. 8. Pursuant to that agreement, the parties have now been in arbitration for over six months regarding claims not raised in this action. Doc. 15-1 at p. 3.

1

After arbitration was initiated, TA filed this action against Boja, claiming misappropriation of trade secrets pursuant to federal and state law (Counts One and Two), breach of contract (Count Three), breach of fiduciary duty (Count Four), civil liability for a criminal act (Count Five), intentional spoliation of evidence (Count Six), and unjust enrichment (Count Seven). In the *First Amended Complaint* (Doc. 12), TA makes general allegations about Boja's treatment of certain confidential information around and after the time of his termination. Briefly put, TA claims that Boja breached the confidentiality agreement by emailing company information, including trade secrets, to himself and refusing to return it. First Am. Compl., ¶¶ 56–132.

TA simultaneously moved for expedited discovery (Doc. 11) and later sought a preliminary injunction order i) directing Boja to identify all of TA's confidential information he possesses, ii) enjoining him from possessing or using the confidential information, and iii) directing forensic imaging of Boja's electronic devices. Doc. 23.

Boja then moved for dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, seeking an order dismissing this action or, alternatively, compelling arbitration pursuant to the parties' arbitration agreement and pending arbitration related to Boja's separation from employment. Doc. 15.

## II.  MOTION TO DISMISS AND COMPEL ARBITRATION

### a. Legal Standard

The Sixth Circuit stated the standard for reviewing a motion to compel arbitration in *Stout v. J.D. Byrider*, 228 F. 3d 709 (6th Cir. 2000) as follows:

> A court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Id*. at 714. Any doubt regarding the applicability of an arbitration clause should be resolved in favor of arbitration. *Id.* at 715.

      **b. The Delegation Clause**

The Federal Arbitration Act permits parties to agree that "an arbitrator, rather than a court, will determine 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Swiger v. Rosette*, 989 F. 3d 501, 505 (6th Cir. 2021) *quoting Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010). This agreement is more simply known as a delegation clause, and only a specific challenge to it brings the threshold question of arbitrability "back within the court's province." *Id.*

Here, Boja asks the Court to refrain from completing its second task – deciding the scope of the parties' arbitration agreement – due to the delegation clause, which states "[a]ll challenges to the interpretation or enforceability of any provision of this Agreement shall be brought before the arbitrator, and the arbitrator shall rule on all questions regarding the interpretation and enforceability of this Agreement." Doc. 15-1 at p. 8; Doc. 15-4 at p. 3. TA rejects this by restating its general arguments as to the scope of the agreement. It claims that the arbitration agreement i) carves out claims relating to the parties' earlier confidentiality agreement and ii) does not apply to claims that did not arise from Boja's employment. TA makes no real challenge to the delegation clause, just a conclusory statement that it "did not 'clearly and unmistakably' agree to submit certain questions to the arbitrator," referring again to the parties' disagreement as to scope. Doc. 22 at p. 21. However, TA does not address whether the parties intended to delegate gateway questions of arbitrability to an arbitrator. *See Ciccio v. SmileDirectClub, LLC*, 2 F.4th 577, 583 (6th Cir. 2021).

3

The Court finds the plain language ("[a]ll challenges to the interpretation or enforceability of any provision of this Agreement shall be brought before the arbitrator…") as presented in the arbitration agreement is clear – the parties *did* intend that the arbitrator would resolve questions of arbitrability. Absent a challenge to the delegation clause from TA, the Court agrees with Boja that the arbitrator should determine whether the scope of the arbitration agreement extends to the claims found in the *First Amended Complaint* (Doc. 12). To that end, the *Motion to Dismiss the Action and Compel Arbitration* (Doc. 15) is GRANTED IN PART [as to the arbitration] and DENIED IN PART [as to the dismissal].

### III.   MOTION FOR PRELIMINARY INJUNCTION

TA filed the *Motion for Preliminary Injunction* (Doc. 23), seeking an order i) directing Boja to identify any confidential information in his possession or control, ii) enjoining Boja from retaining the information, and iii) directing forensic imaging of Boja's devices used to store any confidential information.

### a.   Legal Standard

The Court retains jurisdiction to enter a preliminary injunction despite the parties' ongoing arbitration. *See Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1380 (6th Cir. 1995) ("It is settled that '[] a district court has subject matter jurisdiction under § 3 of the [Federal Arbitration] Act to grant preliminary injunctive relief provided the party seeking relief satisfies the four criteria…'") When determining whether to issue a preliminary injunction, this Court considers and balances the following four factors:

> (1) the moving party's likelihood of success on the merits; (2) the moving party's likelihood of suffering irreparable injury absent the injunction; (3) the probability that granting the injunction will cause substantial harm to others; and (4) the degree to which the injunction would serve the public interest.

*TowerCO 2013, LLC v. Berlin Twp. Bd. of Trs.*, 110 F. 4th 870, 879 (6th Cir. 2024). The Court must balance the four factors while noting that none should be considered a prerequisite to the grant of a preliminary injunction. See *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir.1998).

### b. Likelihood of Success on the Merits

The underlying claim in this case pertinent to the *Motion for Preliminary Injunction* (Doc. 23) is the breach of contract allegation (Count Three).

The alleged contract in this case is governed by Ohio law. In Ohio, a plaintiff must prove "1) a contract existed, 2) the plaintiff performed under the contract, 3) the defendant breached the contract, and 4) the plaintiff suffered damages from the breach." *Dean v. Chamberlain Univ., LLC*, No. 21-3821, 2022 U.S. App. LEXIS 16726, at *4 (6th Cir. June 16, 2022) (citation omitted). The existence of a contract is established by a showing of an "offer, acceptance, the manifestation of mutual assent, and consideration (the bargained for legal benefit and/or detriment)." *MMK Group, LLC v. SheShells Co., LLC*, 591 F. Supp. 2d 944, 963 (N.D. Ohio 2008) (quoting *Kostelnik v. Helper*, 770 N.E.2d 58 (Ohio 2002)).

In both its *First Amended Complaint* (Doc. 12) and *Motion for Preliminary Injunction* (Doc. 23), TA summarily argues that Boja breached the confidentiality agreement by emailing himself confidential business information before/during the process of his termination, and he has failed to return the information. First Am. Compl. ¶¶ 93–94; Doc. 23 at p. 11. In response, Boja claims that his actions were not a breach of the confidentiality agreement because it provided that removing information "when necessary to perform employment duties" was permissible. Doc. 31 at p. 6. He contends that his work computer had technical problems, so he had to email information to himself and use his home computer to carry out his job functions. *Id.* The relevant clause reads:

> I agree that except as necessary to perform my employment duties, I shall not remove, during my employment or upon termination, any records, whether prepared by me or others, or any copies thereof which may contain any Confidential Information of the Company or its customers. Upon termination of my employment for any reason, I shall promptly deliver to the Company all documents, papers, records, disks, tapes or other things belonging to the Company or containing any of the Company's Confidential Information.

First Am. Compl., Ex. A. at p. 1.

TA does not need to prove its case in full at this preliminary injunction stage, but it must show more than a "mere possibility of success." *Northeast Ohio Coalition v. Husted*, 696 F. 3d 580, 591 (6th Cir. 2012). The crucial question of whether Boja breached the confidentiality agreement is one that should be decided by the arbitrator, provided he finds the claim to be arbitrable. However, when paired with Boja's response that attempts to explain his need to "remove" the information to perform job duties as provided for by the confidentiality agreement, TA's bare recitation of the breach of contract elements is not enough to show a "likelihood of success on the merits." *See Rajapakse v. Credit Acceptance Corp.*, No. 17-12970, 2018 U.S. Dist. LEXIS 89930, at *13 (E.D. Mich. Apr. 19, 2018) (a restatement of allegations in the complaint and "scant analysis" supporting the likelihood of success on the merits does not satisfy the movant's burden of proof necessary to obtain injunctive relief); *see also Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (finding that, while no factor is controlling, the likelihood of success on the merits is a predominant consideration).

    c. **Irreparable Injury**

While the Court balances the four factors when deciding whether to issue an injunction, the Sixth Circuit has recently indicated that some irreparable harm must always be demonstrated, and "even the strongest showing on the other factors" cannot outweigh no showing of harm. *Kohler v. City of Cincinnati*, No. 21-3466, 2021 U.S. App. LEXIS 32574, at *4 (6th Cir. Nov. 1, 2021); *see also Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 104 (6th Cir. 1982). "A

6

plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002). The plaintiff must show that the harm is "actual and imminent" rather than "speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006).

TA attempts to illustrate harm by citing non-binding case law and suggesting that Boja's possession of the confidential information, regardless of what he has done with it, substantiates irreparable injury. Doc. 23-1 at p. 12. TA further states it has "grave concerns" about Boja's use of the information. *Id.* at p. 13. Boja indicates he has remained unemployed since leaving TA [in early 2024], has not disclosed the confidential information to any competitors, and has not solicited TA customers. Doc. 31 at p. 13. TA does not present evidence to the contrary. Given Boja's unemployment and the length of time he has allegedly possessed the information without indication of actual harm to TA, the information currently before the Court suggests that the threat of misuse or disclosure of the information is speculative, at best.

Accordingly, the Court finds that the four-factor analysis ends here[1] and TA has not met its burden of proof regarding the preliminary injunction. The *Motion for Preliminary Injunction* (Doc. 23) is DENIED.

## IV. CONCLUSION

The Federal Arbitration Act provides that when a court compels arbitration "the court…shall on application of one of the parties stay the trial of the action…" 9 U.S.C. § 3. Further, the Sixth Circuit has indicated that a district court should ordinarily stay, rather than dismiss, an action after it compels arbitration where one party asks for a stay. *Arabian Motors Grp. W.L.L. v.*

---

[1] Due to the lack of evidence as to the crucial factors of likelihood on the merits of the claim and irreparable injury, the analysis as to the last two factors – substantial harm to others and public interest – is unnecessary.

*Ford Motor Co.*, 19 F. 4th 938, 942 (6th Cir. 2021). Accordingly, Boja's *Motion to Dismiss the Action and Compel Arbitration* (Doc. 15) is GRANTED IN PART and DENIED IN PART. Boja's motion to compel arbitration is GRANTED, and this matter is STAYED pending arbitration. In all other respects, the motion is DENIED.

Additionally, TA's *Motion for Preliminary Injunction* (Doc. 23) is DENIED.[2]


IT IS SO ORDERED.


March 18, 2025 Date                                   /s/ John R. Adams
                                                    JOHN R. ADAMS
                                                    UNITED STATES DISTRICT JUDGE

---

[2]  The merits of the request for preliminary injunction have been addressed; therefore, TA's *Amended Motion for Expedited Discovery* (Doc. 11) is DENIED.